IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

NATIONAL FOOTBALL LEAGUE
PLAYERS ASSOCIATION, on its own
behalf and on behalf of ADRIAN
PETERSON,

                Petitioner,

v.

NATIONAL FOOTBALL LEAGUE and
NATIONAL FOOTBALL LEAGUE
MANAGEMENT COUNCIL,

                Respondents.

Case No. _____

**MEMORANDUM IN SUPPORT
OF MOTION TO EXPEDITE**

## PRELIMINARY STATEMENT

Petitioner National Football League Players Association ("NFLPA"), the union for players in the National Football League ("NFL" or "League"), on its own behalf, and on behalf of Minnesota Vikings running back Adrian Peterson, hereby move to expedite the parties' briefing and the Court's hearing on the concurrently filed Petition to Vacate Arbitration Award ("Petition")[1].

Through the Petition, the NFLPA and Mr. Peterson seek to vacate an unlawful Arbitration Award issued on December 12, 2014. *See* Petition Ex. 126 (Peterson Arbitration Award). That Award sustains—and thus sanctions—an indefinite suspension of Mr. Peterson through "at least" the end of the 2014 NFL season and must be set aside.

---

[1] Petitioner is also moving contemporaneously for permission to file certain portions of the Petition under seal.

1

SCANNED
DEC 15 2014
U.S. DISTRICT COURT MPLS

It retroactively applies a "new" disciplinary policy to Mr. Peterson without any notice, violates the essence of the parties collective bargaining agreement ("CBA"), deprives Mr. Peterson of fundamental fairness and consistent treatment, and subjects him to the jurisdiction of an evidently partial arbitrator, with deep ties to the NFL, who could not fairly adjudicate a case in which the conduct of the NFL Commissioner and other League officials was directly at issue.

Mr. Peterson suffers irreparable harm each day the unlawful Arbitration Award remains in effect. The resulting lost playing time suffered by Mr. Peterson, one of the best running backs in NFL history, can never be reclaimed and can never be adequately compensated. Federal courts—including many in this District—have consistently held that depriving NFL players access to their teams, facilities, personnel, and professional opportunities constitutes irreparable harm due to the very short and tenuous nature of their careers and the constant requirement that they demonstrate and maintain the highest level of athletic skill.

The Petition is ripe for determination now. It presents straight-forward issues of law to be applied against the full arbitration record now before the Court. Accordingly, the NFLPA and Mr. Peterson do not presently seek a preliminary injunction because there is no need for a *preliminary* ruling—just an expeditious one.

For good cause shown below, the NFLPA and Mr. Peterson propose that: (i) the NFL file its opposition to the Petition and any opposition to this Motion three (3) days from today (December 17); (ii) the NFLPA file its replies two (2) days thereafter

(December 19); and (iii) the Court schedule a hearing for final adjudication as soon as practicable after that.

## STATEMENT OF FACTS

Mr. Peterson is a star running back for the Minnesota Vikings, a former NFL Most Valuable Player, and "one of the best players in the world."[2] The unlawful suspension of Mr. Peterson—and its affirmance on appeal, as set forth in the Arbitration Award—has deprived him of the opportunity to play, continue his pursuit of all-time NFL rushing records, and help his team, the Vikings, enjoy a more successful season.

On November 18, 2014, Commissioner Goodell suspended Mr. Peterson "for at least the remainder of the 2014 season" and fined him "an amount equal to six weeks' pay, inclusive of any amounts forfeited during [his] suspension." *See* Petition Ex. 18 (Nov. 18, 2014 Discipline Ltr. at 3).[3]

The NFLPA and Mr. Peterson timely challenged the discipline and an arbitration proceeding under the NFL-NFLPA Collective Bargaining Agreement ("CBA") was held

---

[2] Dave Campbell, *Vikings Teammates Say They'd Welcome Peterson Back*, ASSOCIATED PRESS, November 4, 2014, available at http://sports.yahoo.com/news/vikings-teammates-theyd-welcome-peterson-back-224056419--nfl.html ("'He's one of the best players in the world, and he's obviously somebody who's meant a lot to this community, meant a lot for the team,' fullback Jerome Felton said. 'He's one of our leaders. He was up here in the offseason. People follow his lead because of how hard he works. So it'd be pretty nice to add that back into the team.'").

[3] In addition, and without any authority to do so under the CBA, Commissioner Goodell conditioned Mr. Peterson's eventual reinstatement upon his compliance with a novel, League-imposed "counseling and treatment program" that requires Mr. Peterson to submit to treatment *solely* from an NFL-chosen psychiatrist. *See* Ex. 18 (Nov. 18, 2014 Discipline Ltr. at 3). The Arbitration Award upheld this condition of discipline as well. Petition Ex. 126 at 5.

on December 2 and 4, 2014. Over the objection of the NFLPA and Mr. Peterson, NFL Commissioner Roger Goodell forced Mr. Peterson onto the "Commissioner's Exempt List" on November 5, which prohibited Mr. Peterson from playing for the Vikings during the pendency of his disciplinary appeal. Then, on December 12, 2014, Arbitrator Harold Henderson issued his Arbitration Award, affirming Mr. Peterson's suspension. The net effect is that Mr. Peterson has been banned from the Vikings since November 5, with the NFL season marching on and no end in sight.

Today, the NFLPA and Mr. Peterson filed the Petition, seeking vacatur of the Arbitration Award on the following grounds: (1) the Award sanctions *retroactive* application of a disciplinary policy that came into effect *after* Mr. Peterson's commission of the conduct at issue; (2) Arbitrator Harold Henderson—a long-time NFL insider—was evidently partial and thus could not lawfully arbitrate Mr. Peterson's appeal, which concerned the conduct of Mr. Henderson's colleagues Commissioner Goodell and Executive Vice President Troy Vincent; and (3) the Arbitration Award sustained a disciplinary process and discipline that contravened the essence of the CBA.

Suspended NFL players—like Mr. Peterson—can neither practice nor play with their teams. Only two games remain in the Vikings season (excluding the NFL playoffs).

## LEGAL ARGUMENT

As long as the Arbitration Award stands, so too will Mr. Peterson's suspension. Although, as noted, the NFLPA and Mr. Peterson are not presently seeking injunctive relief, there is a long line of injunctive relief cases in this District that establish beyond credible debate that a professional athlete is irreparably harmed when forced to miss

4

games, thus warranting the issuance of selective damages relief. *See, e.g., Brady v. Nat'l Football League*, 779 F. Supp. 2d 992, 1005 (D. Minn. 2011) (concluding that "the threat of harm shown by [football player] Plaintiffs here, including lost playing time, constitutes irreparable harm."), *rev'd on other grounds*, 644 F.3d 661 (8th Cir. 2011); *Nat'l Football League Players Ass'n v. Nat'l Football League (StarCaps)*, 598 F. Supp. 2d 971, 982 (D. Minn. 2008) (concluding that players had been irreparably harmed by their suspension from games and resulting ineligibility for post-season awards or playoff games); *Jackson v. Nat'l Football League*, 802 F. Supp. 226, 231 (D. Minn. 1992) (ruling that "[t]he existence of irreparable injury is underscored by the undisputed brevity and precariousness of the players' careers in professional sports, particularly in the NFL"); *Bowman v. Nat'l Football League*, 402 F. Supp. 754, 756 (D. Minn. 1975) (recognizing players suffered irreparable harm when the NFL's boycott of former World Football League players prevented them from playing).

This District is not alone in so concluding. *See Silverman v. Major League Baseball Player Relations Comm., Inc.*, 67 F.3d 1054, 1062 (2d Cir. 1995) ("Given the short careers of professional athletes and the deterioration of physical abilities through aging, the irreparable harm requirement has been met."); *Neeld v. Am. Hockey League*, 439 F. Supp. 459, 461 (W.D.N.Y. 1977) (finding irreparable harm because a "young athlete's skills diminish and sometimes are irretrievably lost unless he is given an opportunity to practice and refine such skills at a certain level of proficiency"); *Linseman v. World Hockey Ass'n*, 439 F. Supp. 1315, 1319 (D. Conn. 1977) ("The career of a

professional athlete is more limited than that of persons engaged in almost any other occupation.").

Like the players in the above cases, Mr. Peterson is an athlete with finite time to pursue his livelihood. The arbitration record itself underscores this point. *See* Petition Ex. 28 (Nov. 12, 2014 Tr. of Telephonic Conversation Between NFL Executive Vice President Troy Vincent and Adrian Peterson, 5:24-6:5) (Troy Vincent: "That's why it's important that they consider your time leave as also, you know, you were away from the game. You were not participating. Even though it was a paid leave you weren't participating. And as a ball player, you know, there's shelf life. The body has shelf life."). Mr. Peterson suffers irreparable harm each day the Arbitration Award remains in place.

Moreover, the NFL will take the position that Mr. Peterson needs to immediately begin the *ultra vires* counseling program that Commissioner Goodell imposed as part of his unlawful discipline. This is another reason why time is of the essence.

Courts routinely expedite various proceedings when the circumstances so warrant, even in cases where there is no request for injunctive relief. *See, e.g., Antioch Co. v. Scrapbook Borders, Inc.*, 210 F.R.D. 645, 651 (D. Minn. 2002) (granting motion to expedite discovery where one of the defendants was in the military and his situation could change suddenly); *Global Traffic Techs., LLC v. Morgan*, No. Civ. 10-4110 (ADM/JJG), 2014 WL 5089850, at *4 (D. Minn. Oct. 9, 2014) (permitting and granting expedited motion to register judgment in various federal courts where defendants failed to post bond); *IBEW Local 98 Pension Fund v. Best Buy Co., Inc.*, No. Civ. 11-429

(DWF/FLN), 2014 WL 4540228, at *1 (D. Minn. Sept. 11, 2014) (granting expedited motion to stay proceedings, including issuance of class notice, pending Eighth Circuit's ruling on defendant's appeal of class certification order); *Green v. BMW of No. Am. LLC*, No. A14-0378, 2014 WL 5800412, at *4 (Minn. Ct. App. Nov. 10, 2014) (noting appellate court granted motion for expedited consideration of district court order directing company to submit certain financial information for consideration of attorneys' fee award, and reversing order).

That is particularly true in cases like this, where Mr. Peterson is suffering irreparable harm every day. *See* 5 Hon. Richard C. Wesley & David H. Tennant, *Bus. & Commercial Litig. Fed. Cts.*, § 55:82 (3d ed. 2014) (noting that circuit courts will entertain motions to expedite appeal upon showing of good cause, which includes "situations where irreparable harm may occur").

On the other hand, Respondents will not suffer any prejudice or injury from expedition. The NFL's able counsel will simply have to brief this matter on an accelerated basis—which should not present a problem because even though the Petition was just filed, the legal issues presented by the Petition were the subject of the arbitration below, and thus familiar to all parties.

## CONCLUSION

For all of the foregoing reasons, the NFLPA respectfully requests this Court consider its Petition on an expedited basis.

Dated: December 15, 2014

Respectfully submitted,

By: *Barbara Podlucky Berens*

BERENS & MILLER, P.A.
Barbara Podlucky Berens, #209788
Justi Rae Miller, #387330
Carrie L. Zochert, #291778
3720 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
612-349-6171
bberens@berensmiller.com

WINSTON & STRAWN LLP
Jeffrey L. Kessler (*pro hac vice pending*)
David L. Greenspan (*pro hac vice pending*)
Jonathan J. Amoona
Angela A. Smedley
200 Park Avenue
New York, New York 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
jkessler@winston.com
dgreenspan@winston.com
jamoona@winston.com
asmedley@winston.com

NATIONAL FOOTBALL LEAGUE
PLAYERS ASSOCIATION
DeMaurice F. Smith (*pro hac vice pending*)
1133 20th Street, NW
Washington, DC 20036
202-756-9136
demaurice.smith@nflplayers.com

*Attorneys for Petitioner*